## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

KIMBERLY KING, Individually and as Personal
Representative of the Estate of JUSTIN KING,
Deceased, ET AL.,

        Plaintiffs,

    v.                              C.A. No. 20-359-LPS-CJB

PRATT & WHITNEY CANADA
CORPORATION, ET AL.,

        Defendants.

### MEMORANDUM ORDER

WHEREAS, Plaintiffs filed a first amended complaint ("FAC") on May 26, 2020 (*see*

D.I. 3);

WHEREAS, Honeywell International Inc. ("Honeywell") and Woodward, Inc.

("Woodward," and together with Honeywell, "Defendants") moved to dismiss certain negligent

misrepresentation claims in the FAC (*see* D.I. 16);

WHEREAS, Magistrate Judge Burke issued a first Report and Recommendation, in

which he recommended that Defendants' motion to dismiss be granted (*see* D.I. 46);

WHEREAS, Plaintiffs did not file any objections to the first Report and

Recommendation;

WHEREAS, the Court adopted the first Report and Recommendation in full and granted

Defendants' motion to dismiss (*see* D.I. 47);

WHEREAS, the Court provided Plaintiffs with an opportunity to amend their complaint

1

to address the deficiencies identified in the first Report and Recommendation (*see* D.I. 46 at 10);

WHEREAS, Plaintiffs filed a second amended complaint ("SAC") on March 31, 2021 (*see* D.I. 50);

WHEREAS, Defendants filed a renewed motion to dismiss the negligent misrepresentation claims asserted in Counts VIII and XII (*see* D.I. 51);

WHEREAS, Judge Burke issued another Report and Recommendation, in which he recommended that Defendants' renewed motion to dismiss be granted (*see* D.I. 65);

WHEREAS, Plaintiffs timely filed objections to the latest Report and Recommendation on November 9, 2021 (*see* D.I. 66);

WHEREAS, Plaintiffs certified that their objections "do[] not raise new legal or factual arguments" (D.I. 67);

WHEREAS, on November 23, 2021, Defendants responded to Plaintiffs' objections (*see* D.I. 68);

WHEREAS, the Court has carefully reviewed Plaintiffs' objections to the latest Report and Recommendation and Defendants' response (*see* D.I. 67, 68), as well as the underlying briefing on Defendants' renewed motion to dismiss Counts VIII and XII (*see* D.I. 51, 56, 57);

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiffs' objections (D.I. 66) are **OVERRULED**, the latest Report and Recommendation (D.I. 65) is **ADOPTED**, and Defendants' renewed motion to dismiss (D.I. 51) is **GRANTED**.

1.      Plaintiffs do not meaningfully dispute the merits of the latest Report and Recommendation.   Judge Burke determined that Plaintiffs' negligent misrepresentation claims against Defendants, as currently pled, should not proceed because "the SAC does not sufficiently

2

plead the 'where' or the 'what' that is required" under Federal Rule of Civil Procedure 9(b). (D.I. 65)   Accordingly, Judge Burke explained that "Defendants and the Court are still left guessing as to what are the specific communications that Plaintiffs mean to reference."   (*Id.*) The Court agrees with this analysis.

2.      In their objections, Plaintiffs argue that, "given the somewhat different standard applicable to a claim for negligent misrepresentation as opposed to fraud . . . their claims should withstand a challenge at this point in the litigation."   (D.I. 66 at 1)   Setting aside that Plaintiffs have not specifically articulated the "somewhat different standard" to which they believe they should be held, their current position contradicts their earlier position.   In briefing the renewed motion to dismiss, Plaintiffs agreed that Judge Burke had "properly applied the law and standard" when he issued the first Report and Recommendation.   (D.I. at 9 n.3)   In other words, Plaintiffs already agreed that Judge Burke correctly applied Rule 9(b) to the negligent misrepresentation claims because they sound in fraud.   *See generally Cavi v. Evolving Sys. NC, Inc.*, 2018 WL 2372673, at *2 (D. Del. May 24, 2018) ("The heightened pleading standard required by Rule 9(b) extends to claims of negligent misrepresentation . . . that 'sound in fraud.'").   Plaintiffs cannot now reverse course.   *See generally Clark v. Coupe*, 2019 WL 1349484, at *5 (D. Del. Mar. 26, 2019) (stating that parties' objections may not raise new arguments that parties did not make before Magistrate Judge).

3.      Plaintiffs request that the latest Report and Recommendation "be modified to dismiss [Counts VIII and XII] without prejudice, to allow Plaintiffs to file a motion for leave to amend the Complaint should the record provide additional support for the assertion of claims for negligent misrepresentation."   (D.I. 66 at 2)   Plaintiffs forfeited this argument by failing to ask

3

Judge Burke for another opportunity to amend their complaint with respect to the negligent misrepresentation claims. *See generally Clark*, 2019 WL 1349484, at \*5 ("[A] party wishing to make new arguments in an objection to a Magistrate Judge's recommended disposition must identify them and describe good cause for failing to previously make the argument before the Magistrate Judge.").

       4.     In any event, the Court agrees with Defendants that it would be futile to give Plaintiffs yet another chance to amend their complaint.   Plaintiffs have not identified any additional factual allegations that they could plead, now or in the future, that would cause Counts VIII and XII to state claims on which relief may be granted.   *See In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002) (affirming dismissal without leave to amend because plaintiffs did "not specify what additional facts, if any, they would plead if given another opportunity to amend").   Moreover, Plaintiffs have already had several opportunities to plead these claims and are not entitled to yet another opportunity.   *See United States ex rel. Schumann v. AstraZeneca Pharms. L.P.*, 769 F.3d 837, 849 (3d Cir. 2014) ("[A] District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them.") (internal quotation marks omitted).

March 29, 2022
Wilmington, Delaware

HONORABLE LEONARD P. STARK
UNITED STATES CIRCUIT JUDGE